UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8562 PA (MARx) | Date | September 24, 2025 |
|---|---|---|---|
| Title | Wildpack Holdings US, Inc. v. Jones Soda Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Complaint, originally filed in the Los Angeles County Superior Court by plaintiff Wildpack Holdings US, Inc. ("Plaintiff") and removed to this Court by defendant Jones Soda Co. ("Defendant") pursuant to 28 U.S.C. § 1332. The Complaint alleges breach of contract and unjust enrichment claims. Plaintiff alleges that it is a Delaware corporation. (Docket No. 1-2, Compl. at p. 1.) Defendant alleges in the Notice of Removal that Plaintiff's principal place of business is Baltimore, Maryland. (Docket No. 1 ("NOR") ¶ 13.) The Complaint and Notice of Removal allege that Defendant is a Washington corporation with principal place of business in Washington. (Compl. ¶ 2; NOR ¶ 11.)

According to the Complaint, Plaintiff designs, markets, and sells canned beverage-packing materials, and in November 2024, the parties entered into a Service Agreement whereby Plaintiff would offer discounts on products and services provided to Defendant if Defendant met certain specific volume and order requirements. (See Compl. ¶¶ 1, 9–10.) Defendant purchased products from Plaintiff pursuant to several Sales Orders, which were subject to the Service Agreement. (See id. ¶ 11.) Plaintiff delivered all products purchased under the Sales Orders, but Defendant has failed to pay an outstanding balance owed in connection with those Sales Orders. (See id. ¶¶ 12–13.)

Plaintiff attaches a copy of the Service Agreement to the Complaint. The Service Agreement includes a section titled Governing Law, which provides that the Service Agreement "will be governed by and construed in accordance with the internal laws of the State of Maryland" and that "[a]ny legal suit, action, or proceeding arising out of or based upon this Agreement or the transactions contemplated hereby will be instituted exclusively in the federal courts of the United States of America or the courts of the State of Maryland . . . ." (Compl., Ex. B at A.25.8.)

The Complaint alleges that venue is proper in Los Angeles County "because Defendant transactions substantial business in Los Angeles County, Defendant contracted to perform an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8562 PA (MARx) | Date | September 24, 2025 |
|---|---|---|---|
| Title | Wildpack Holdings US, Inc. v. Jones Soda Co. | | |

obligation in Los Angeles County, the contract was in fact entered into in Los Angeles County and at all times relevant Defendant has been doing business within the County of Los Angeles." (Compl. ¶ 8.) However, none of the facts alleged in the Complaint support Plaintiff's assertion that Defendant contracted to perform and obligation in Los Angeles County. On the contrary, the Sales Orders attached to the Complaint suggest that Defendant ordered items to be delivered to its address in Seattle, Washington. (See id., Ex. B.)

Thus, because neither of the parties is located in California, because the alleged Service Agreement is governed by Maryland law, and because there are no well-pleaded allegations that the events or omissions giving rise to Plaintiff's claims occurred in California, it is unclear, based on the record before the Court, why this action was filed in the United State District Court for the Central District of California (the "Central District of California") (other than because Plaintiff retained counsel in this district). Accordingly, the Court orders the parties to show cause in writing why venue is proper in the Central District of California and why this action should not be dismissed or, in the alternative, transferred to the United States District Court for the District of Maryland (the "District of Maryland"), or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 1404, 1406. All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.

To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the District of Maryland;

2. Whether venue is appropriate in District of Maryland;

3. What contacts, if any, each of the parties has to the Central District of California and the District of Maryland;

4. What connection Plaintiff's causes of action have to the Central District of California and the District of Maryland;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the District of Maryland;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8562 PA (MARx) | Date | September 24, 2025 |
|---|---|---|---|
| Title | Wildpack Holdings US, Inc. v. Jones Soda Co. | | |

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District of California as compared to the District of Maryland; and

9. Whether there are any alternative forums, other than the Central District of California and District of Maryland, that would be more convenient for this action, keeping in mind the foregoing inquiries.

Plaintiff is ordered to file its Response to this Order no later than **October 13, 2025.** Defendant may file its Response no later than **October 20, 2025**. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.